3230298 Pavel Savenok, Appellant v. Nationstar Mortgage LLC, DBA, I'm sorry, doing business as Mr. Cooper and Wheaton Bank and Trust Company, Apple Ease. Thank you. Mr. Savenok, you may proceed with your argument. Thank you, Your Honor. Your Honor, I am Pavel Savenok, representing myself, PROSAE. I am glad that the Illinois justice system allows PROSAE representation and has a good data system to help people like us to PROSAE representation. I totally agree and concur with the previous oral argument by my wife, Leah Savenok, because both of us were listed as plaintiffs in the specific performance case number 18CH1324 in the Circuit Court of DuPage County and represented at the time by our attorney, David Borsman. We both have to concur to PROSAE representation separately for the same case. And if there's some inconvenience, I'm sorry for that, but we have to follow that. It's legal, legality. Okay. I would like to start my oral argument by quoting from the defendant's brief response, where, mythically, the plaintiff appellant was referred to as plaintiff appellee. Let's see at introduction, page one, line four, six. Quote, plaintiff attempted a short sale with except the terms of defendant's non-negotiable short sale affidavit. Emphasis, I added emphasis, non-negotiable. End of quote. Then in the next paragraph, the appellee only recites the paragraph raised from the paragraph 10 of the conditional approval letter in regards of short sale affidavit, but paragraph 16 was also most relevant by the defendant's own admission on page five. Quote, among the several listed items, terms were those most relevant to this litigation. See fourth below, paragraph 10. Unless specified otherwise by applicable law, the short sale transaction must be an arm's length transaction and the attached short sale affidavit, if provided, I emphasize it, must be signed and at closing and returned. End, paragraph 16. The short sale affidavit, if required, I emphasize, wire confirmation comma, final settlement statement comma, and this seller signed approval letter must be uploaded through equator.com prior, I emphasize, prior to the final settlement statement approval being issued. Any delays in receiving these documents may result in return of the wire and cancellation of this approval. End of quote. Apparently, there is no mention in these paragraphs that the short sale affidavit is non-negotiable. Even more, the prefix if in both paragraphs implies the short sale affidavit is an optional matter which could be amended or waived altogether. As it became evident from the quote, moreover, solely as compromise and without any admission that plaintiff's claims were valid after the events alleged in the plaintiff's complaint, defendant attempted to work with plaintiffs and the buyer so that a short sale could go through on the buyer's requested terms, which is the exact specific performance plaintiffs sought in their complaint. Defendant did its part. It's made an exception to its policy and approved the sale. End of quote. This poses question, which approval statement is more affirming and which of one we are supposed to believe? The previous stated approval of the sale without any admission of liability after the complaint was filed on October 29, 2018, or the final approval to close sent on September 7 at 8.27 a.m. Without question, the final approval to close is more affirming statement and is factual evidence and acknowledgement by a nation star of forming contract. Page two, paragraph three, I quote, defendant further argued that plaintiff's claims were moot because defendant eventually made an exception after the complaint was filed and accepted the altered short sale affidavit in a good faith attempt to resolve the litigation. In response, plaintiffs argued it was unreasonable to defend for defendant to require plaintiffs to close on September 7, 2018, the same date the short sale was approved in parentheses by defendant. End of quote. The specific performance complaint was filed on October 29, 2018. Nation star requested to close the same day the short sale was approved September 7, 2018 at 8.27 a.m., which is indeed unreasonable. September 7, 2018 was a Friday. That settlement requires the funds $1.1 million and the presence of the buyer who was in upper Michigan over 350 miles away. J.R. Walker has been a duly licensed and practicing real estate broker in the state of Illinois for 47 years and the sole owner of J.R. Walker Inc. real estate company. He affirms in his affidavit, paragraph 3031, I quote, this makes the closing more than likely impossible to complete. End of quote. Failure to close on the settlement offer after the specific performance case was filed does not extinguish the plaintiff's case. It is an issue of fact that Nation Star abandoned the settlement process. It is evident the defendant contradicts its own admissions at least three times in the defendant's appellate response brief introduction. I don't want to comment on the defendant's abilities to mind reading, which my wife Leah Silenok mentioned in her oral argument about renting, and we were upset about that. Yes, we were upset, but we were upset much more than that. On May 25, 2023, before the defendant's motion for summary judgment was granted by the court, page 19, the court stated the reason. Quote, the purported contract in this case does not require the required specificity as it relates to the terms of the short sale affidavit to form a valid binding and enforceable contract that would support an action for specific performance. And the court finds that there are no genuine issue of material fact that would prevent judgment in favor of defendant. And for those reasons, the defendant's motion for summary judgment is granted. End of quote. My argument. This is the material fact. There is no required specificity as it relates to the terms of the short sale affidavit. In the short sale conditional approval letter sent by defendant, which the plaintiff signed and returned in the September 4, 2018, letter to defendant C-256, C-259, C-262-265. Quote, the letter went on to list 17 items upon which the approval of short sale was conditioned. Among the several listed terms were those most relevant to this litigation, C-4 below. Unless specified otherwise by applicable law, the short sale transaction must be arm's length transaction. And the attached short sale affidavit, if provided, I emphasize, must be signed and at closing and returned. And paragraph 16, the short sale affidavit, if required, emphasis, wire confirmation, comma, final settlement statement. And this letter signed approval letter must be uploaded through equator.com prior to the final settlement approval being issued. Any delays in receiving these documents may result in return of the wire and consolation of this proposal, C-255, end of quote. It is in its response brief, page 13, 1-2, the appellee claims, quote, that September 7, 2080, obviously type, it should be 2018, at 827 a.m., email only, and I repeat, only approved the corrected settlement statement which had previously contained errors, C-195. This email at this issue which was presented at the summary judgment indicated only the settlement statement had been approved as end of quote. That claim by defendant is an obvious contradiction to their own letter and went on to list 17 items, including paragraph 16, upon which approval of the short sale was conditioned. Paragraph 16 affirmatively states that final settlement statement approval is, in fact, the approval of all, I repeat, all underlying documents which must be uploaded through equator.com, I repeat, prior to the final settlement approval being issued. On September 7, 2023, at 827 a.m., the defendant issued the final approval to close. Which is an all-inclusive statement that incorporates the final settlement statement and all underlying documents had been approved, including the signed short sale affidavit, which the provision typed on separate page as advised by Sheena Howell, a Nation Star employee, and uploaded through equator.com by real estate agent J.R. Walker on September 6, 2023, at 2.53 p.m., prior to issuance of September 7, 2023, of the final approval to close by the defendant, J.R. Walker affidavit, paragraph 2428. In this instance, the contract was formed by approval of all the documents uploaded through equator.com prior to final settlement statement approval being issued. By the statement, final approval to close, the defendant affirms the contract. It is a material fact question of accepting and approving the amended short sale affidavit by the defendant, Nation Star. It is for the prior of fact to determine whether Nation Star accepted and approved the short sale affidavit submitted by real estate agent J.R. Walker. Accordingly, a trial on this issue alone warrants denial of defendant's motion for summary judgment. In the present case, the short sale contract had been signed and submitted to Nation Star. The contract was for $1.1 million in cash. The closing statement had been approved by Nation Star to the plaintiff for the closing. Nation Star approval for the closing had been issued. Although there had been much back and forth between the parties concerning the buyer's attorney's revision to the short sale affidavit, this matter was settled in the final when Nation Star either directly accepted or implied acceptance of the final short sale affidavit submitted by J.R. Walker. Nation Star's assurance of its final approval to close ended the negotiations. Mr. Sabanak, the red light is up and your time has expired at this opportunity. Mr. Hallberg, you may respond to the argument of the appellant. Mr. Sabanak appears to take issue with the language in the conditional acceptance which stated if required regarding the short sale affidavit as if it is some sort of an optional requirement. Perhaps it is, but in this case, at least prior to the complaint for specific performance, it was required by Nation Star. It was never waived and after the specific performance complaint was filed, that requirement was waived as part of settlement negotiations. As far as the facts underlying the case before the complaint was approved, the approval was conditioned upon a short sale affidavit being completed and being unauthored. What is the purpose of that short sale affidavit? The short sale affidavit, like I said earlier with respect to Mr. Sabanak's appeal, short sale agreements are there's a significant risk of fraud because what the bank is doing is waiving a certain amount. They're allowing the borrower to sell the property for less than the amount that's actually owed on the loan. So obviously this creates a risk where a borrower could hypothetically, in order to avoid paying the full amount due on the loan, sell it to someone in a transaction that is not at arm's length and then they could essentially get release of their obligation to pay the full amount due. So that's the reason that there are these requirements that are put in place, not just by Nation Star, but by any lender who is servicing a mortgage. In this case, the specific issue was that the buyer wanted to add language to the short sale affidavit indicating that the property would be rented back to the owners for an undetermined period of time. That is a red flag because that indicates the possibility at the very least that it was not an arm's length transaction. And this is the reason that these forms can't just be altered and approved without a rubber stamp with changes. These alterations, they really are significant. They're material changes to the terms. So that's why it was required in this case. The buyer refused to go forward without removing those terms. The other thing that we should mention is that the record does reflect that. What, practically speaking, would be the reason for a buyer to refuse? Is it the rental back term that you're talking about? The rental back term is a red flag to the lender because it could potentially indicate that it's not an arm's length transaction. The buyer's concern in this case was that apparently she was concerned that she could be on the hook for failure to comply with the terms of an agreement. I don't think that she was doing anything in bad faith other than just trying to disclose her intentions with the property. And her intention was to rent back the property to the former owners or would-be former owners for an undetermined period of time. I think she was just concerned about making that disclosure because it could, in her mind and according to the record, suggest that she was being advised that she could potentially be facing some liability if that was not disclosed. And then they went forward with the transaction and then the next act came out. So I think that's the practical reason she was insisting on those additional alterations. She was seeking a waiver of the rental back? Is that what you're saying? No, the short sale affidavit, one of the terms is that, well, let me say it a different way. What the buyer was seeking to do was at first make some handwritten alterations to the short sale affidavit to disclose that the intention was to rent the property back to DAPNOX. At first, it was handwritten. When that was submitted, it was rejected. They tried to resubmit it again as a typed up additional page, like an addendum page to the short sale affidavit. And that was rejected again. The reasoning that NationStar gave was articulated after the September 7th, 2018 attempt to close. There was a message through Equator, which explained NationStar's reasoning, and then there was a separate letter. But essentially, it boils down to the fact that alterations to the short sale affidavit are not going to be allowed. They're not going to be tolerated and they would not be approved. So, that's really the crux of the case why there was never a meeting of the minds on September 7th, 2018. Now, Mr. Savinok also takes issue with the correspondence that indicated on September 7th that the sale was to close that day. It's true the message does say that, but as a practical matter, the parties continue to try to work this out. Subsequent to that date, including those letters that were sent by NationStar explaining why these proposed alterations to the short sale affidavit were not approved. Ultimately, it led to this case being filed about a month later. And then as part of this case, NationStar, in good faith, just decided to really grant the opponents the relief that they were seeking the entire time to allow the short sale to be approved with this additional language in the short sale affidavit. Unfortunately, though, the sale still could never close because of various factors, including the appellants being out of the country. There was just too many continuances. There were one too many continuances and eventually NationStar determined that they were no longer willing to go forward with that either. So, again, Judge, I just want to emphasize that there was never a waived. It was not optional. And there's never a dispute of material fact in the trial court that it was a requirement. That's clear from the communications. And also that it was never provided in unaltered form. So there was never a meeting of minds. There was never a contract that could be that the court could grant specific performance with respect to. Okay. It's in the factual record that helped me out recalling this. Maybe I misrecall it. The property was eventually sold. Was it not? So my understanding is that the foreclosure eventually went through. And I do believe that the property was sold through a foreclosure sale somewhat recently, actually. And the property on the short sale was going to bring to the mortgagees, well, and ultimately to the lender. How much? The short sale that was conditionally approved was in the amount of $1.1 million. And then through foreclosure, what did the property bring? Judge, I'm not sure. It's not in the record. I did, from what I recall, in preparation for this oral argument, I looked up the property and it looked like it was sold for $1.1 million in foreclosure sale, which makes sense because that's based off of the appraisal. Because that was the appraisal. Is that, excuse me, it makes sense because maybe I misunderstood you. Why? Because that is the approximate value of the property. Yeah, that was the appraised value. I assume it was somewhere close to that. I haven't seen the appraisal. Yeah, but okay. Anything further you wish to respond to? I don't think so, Judge. I will rest on the briefs and incorporate the arguments that I made in the prior appeal as well. Thank you. Mr. Sabanock, you may reply to Mr. Hallberg's position and argument this time. Yeah, first of all, this was the buyer's initiative to add this provision to the short sale affidavit, which is negotiable by all standards. I asked lots of people, lots of professionals, and everybody agrees it is negotiable. Next, buyer was planning to do some development of the property. And this was the main reason. Buyer was trying to follow the law and be honest and disclose that to NationStar. NationStar took honesty of the buyer as some kind of game that they were trying to play with them. In reality, this was just a very honest buyer who wants to disclose to them their plans. Okay, this is my answer to that. Next, short sale affidavit is negotiable. And acceptance of that short sale affidavit on employee's recommendation, what type of agenda could be added to short sale affidavit in order for NationStar to accept? This is NationStar employee recommended to add those agenda instead of handwriting, make it on separate list and attach it to affidavit, and this would be accepted. And this is exactly what J.R. Walker, our broker, did. And after rejecting handwritten agenda, NationStar issued that it's accepted. This was negotiation process. And in time of this negotiation, finally, NationStar sent acceptance letter, final to close. How we can either explain if negotiation goes there, rejecting, rejecting, rejecting, and after that, when there's last time, J.R. Walker broker sent revised on their recommendation for short sale affidavit, it was accepted. And final acceptance was settlement agreement. And this is paragraph 16 clearly states that acceptance of final settlement statement is the final acceptance of all documents, underlying documents, including affidavit. In their denial that they did not accept it, it's not because they accepted it before. They rejected a few times. Last time when they issued, they didn't say anything about affidavit. And their paragraph 16 of their letter clearly states that final acceptance of settlement agreement is the approval of prior all documents supporting that. And they could not send final approval without approving all underlying documents. Next, I'm going to short foreclosure. Yes, foreclosure went through. NationStar take position of the house and they beat it. This was not appraisal. This was they beat full amount with all of the fees and late fees, interest. And this was over $3 million. House is staying right now for six months, and it is in decay state right now. It's not sold. It's staying there. This is our nest house where we built it. And NationStar is negligently did it. And they did it to us. Okay. And now my conclusion, I'm asking trial court to trial court mistakenly granted the defendant motion for summary judgment because a reasonable person might draw different interferences from the undisputed facts. The defendant should present his interpretation at the trial court and not shortcut by filing motion for summary judgment. Therefore, for going reasons, plaintiff appellant, Pavel Simon respectfully requests this court to vacate the summary judgment of the trial court and award any such other and further relief as this court deems just, proper and at the premises. Thank you, Mr. Simon. Are there any questions from the court? I have none. Okay. Again, thank you for your arguments, both counsel in this matter and counsel for the appellee in the matter before. And this case, this will be taken under advisement and a written disposition will issue to all parties.